Grace SESSIONS, on behalf of herself and others similarly situated, Plaintiff,

v.

BARCLAYS BANK DELAWARE, Defendant.

CIVIL ACTION NO. 1:17–CV–01600–LMM

United States District Court, N.D. Georgia, Atlanta Division.

Signed 09/25/2017

Alexander H. Burke, Daniel J. Marovitch, Burke Law Offices, LLC, Chicago, IL, James Marvin Feagle, Clifton Dorsen, Skaar and Feagle, Tucker, GA, Justin Tharpe Holcombe, Kris Kelly Skaar, Skaar & Feagle, LLP, Woodstock, GA, for Plaintiff.

Monica Kocurek Gilroy, Tania Tuttle Trumble, Gilroy Bailey Trumble LLC, Alpharetta, GA, Travis Aaron Sabalewski, Robert M. Luck, III, Reed Smith LLP, Richmond, VA, for Defendant.

## ORDER

Leigh Martin May, United States District Judge

This case comes before the Court on Defendant's Motion to Stay [22]. After due consideration, the Court enters the following Order.

## I. BACKGROUND

Plaintiff Grace Sessions alleges that Defendant used an automatic telephone dialing system without the prior express consent of the called party in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Dkt. No. [1–1] ¶ 1. Defendant disputes whether its system qualified as an "automatic telephone dialing system" within the meaning of the TCPA. Dkt. No. [22] at 1.

On July 10, 2015, the Federal Communications Commission ('FCC") issued an omnibus Declaratory Ruling and Order ("FCC Ruling") concerning a number of TCPA issues, including the definition of "automatic telephone dialing system." The FCC Ruling is currently on appeal in a consolidated action before the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit Action"). See ACA Int'l v. FCC, No. 15–1211 (D.C. Cir. Filed Nov. 25, 2015). The parties in the D.C. Circuit Action completed briefing on February 24, 2016. Oral argument in the D.C. Circuit Action was held on October 19, 2016. On August 24, 2017, Defendant filed a Motion asking the Court to stay all proceedings pending the outcome of the D.C. Circuit Action. Dkt. No. [22].

## II. LEGAL STANDARD

 "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997); see also Ortega Trujillo v. Conover & Co. Commc'ns, Inc., 221 F.3d 1262, 1264 (11th Cir. 2000). Thus, a district court may "stay a case pending the resolution of related proceedings in another forum." Ortega, 221 F.3d at 1264. The stay, however, may not be "immoderate," which requires inquiry into "the scope of the stay (including its potential duration) and the reasons cited by the district court for the stay." Id. Where "a federal appellate decision . . . is likely to have substantial or controlling effect on the claims and issues," a stay may be warranted. Miccosukee Tribe of Indians v. S. Fla. Water Mgmt. Dist., 559 F.3d 1191, 1198 (11th Cir. 2009).

## III. DISCUSSION

■ In its Motion, Defendant asks the Court to stay proceedings pending the D.C. Circuit Action. Specifically, Defendant argues that the D.C. Circuit Action will clarify the definition of an "automated telephone dialing system" for purposes of the TCPA. Dkt. No. [22] at 5–6. According to Defendant, the FCC's definition of that term is overly broad, and review by the D.C. Circuit could be dispositive in this matter, or at least narrow the scope of discovery. Id. at 6–8.

■ The Court is persuaded to grant a stay pending a decision in the D.C. Circuit Action for two reasons. First, the D.C. Circuit Action's decision will be binding on this Court with regard to a threshold issue for liability. Through the Hobbs Act, 28 U.S.C. § 2342, "Congress unambiguously deprived the federal district courts of jurisdiction to invalidate FCC orders by giving exclusive power of review to the courts of appeals." Mais v. Gulf Coast Collection Bureau, Inc., 768 F.3d 1110, 1113 (11th Cir. 2014). The Hobbs Act expressly confers the federal courts of appeals "exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of" the FCC Ruling in this case. 28 U.S.C. § 2342. When agency regulations are challenged in more than one court of appeals, the panel on multidistrict litigation consolidates those petitions and assigns them to a single circuit. See 28 U.S.C. § 2112. And the decisions in those consolidated actions are binding outside of the circuit in which they occur, including on this Court. See Peck v. Cingular Wireless, LLC, 535 F.3d 1053, 1057 (9th Cir. 2008). Because the decision in the D.C. Circuit Action is therefore binding on this Court and "is likely to have a substantial or controlling effect on the claims and issues" in this case, a stay is appropriate. See Miccosukee Tribe, 559 F.3d at 1198.

Second, although there is no precise deadline for the D.C. Circuit Action's decision to issue, the Court finds it persuasive that the D.C. Circuit Action has been fully briefed and that oral argument has been held. In light of these circumstances, a decision seems imminent within the coming months. Cf. Ortega, 221 F.3d at 1264 (holding that a stay was "indefinite" and thus unlawful where it would "expire only after a trial . . . and the exhaustion of appeals" in another case). As most other courts facing the same considerations have found, "there would be minimal, if any, harm or damage to Plaintiff if a stay is granted, [but] Defendant would suffer hardship if it is required to move forward with discovery pending the D.C. Circuit's decision in ACA, and the ruling in ACA will serve to simplify and answer indispensible questions pertinent to the instant litigation." Doerken v. USAA Sav. Bank, 2017 WL 1534186, at *3 (C.D. Cal. Apr. 26, 2017); see, e.g., Flockhart v. Synchrony Bank, 2017 WL 3276266, at *3 (N.D. Iowa Aug. 1, 2017); Kennoy v. Synchrony Bank, 2017 WL 2215279, at *2 (M.D. Pa. May 19, 2017); Brickman v. Facebook, Inc., 2017 WL 1508719, at*4–5 (N.D. Cal. Apr. 27, 2017); Jacobs v. Ocwen Loan Servicing, LLC, 2017 WL 1733855, at *2 (S.D. Fla. Apr. 14, 2017). As a result, the Court finds that a stay in this case pending a decision in the D.C. Circuit Action is appropriate under the circumstances.

The Court also notes that Plaintiff contends that any decision in the D.C. Circuit Action will not affect this case because the Complaint's allegations do not implicate the portion of the FCC's definition at issue—that is, whether an "automated telephone dialing system" includes both present and potential functionalities. Dkt. No. [25] at 6. Plaintiff asserts that she does not rely on potential functionality and, therefore, even if the D.C. Circuit Action were

to invalidate that portion of the FCC's definition, this case would not be impacted. Id. But as Defendant points out, Plaintiff's Complaint was not pleaded so as to only raise the present functionalities of Defendant's system as a basis for liability. Dkt. No. [27] at 7–8. If Plaintiff files to amend her Complaint so as to narrow the pleadings solely to present functionalities, then the Court will revisit whether a stay is warranted in this case.

## IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Defendant's Motion to Stay [22]. Accordingly, this case is **STAYED** and **ADMINISTRATIVELY CLOSED** pending the D.C. Circuit Action's decision.[1] Within 14 days of a decision in the D.C. Circuit Action, the parties are **DIRECTED** to petition the Court to reopen this matter.

**IT IS SO ORDERED** this 25th day of September, 2017.

---

1. Administrative closure of a case does not prejudice the rights of the parties to litigation in any manner. The parties may move to reopen an administratively closed case at any time.